Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
tbarrett@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
DANA RUTH LIXENBERG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUTH LIXENBERG, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BIOWORLD MERCHANDISING, INC., a Texas Corporation; REMRYLIE LICENSING, INC., a California Corporation; MACY'S RETAIL HOLDINGS, INC., an Ohio Corporation; MACY'S, INC., an Ohio Corporation; TARGET CORP., a Minnesota Corporation; URBAN OUTFITTERS, INC., a Pennsylvania Corporation; FOREVER 21, INC., a California Corporation; FOREVER 21 RETAIL, INC. a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

DANA RUTH LIXENBERG, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **INTRODUCTION**

LIXENBERG is a renowned photographer who has created numerous compelling and intimate images depicting a wide swath of humanity. One of her projects explored the lives of residents of a housing project in Watts, California; others captured musicians and celebrities in authentic and resonant compositions.

Two of LIXENBERG's most celebrated series of photographs depict the late recording artists Christopher "Notorious B.I.G" Wallace and Tupac Shukar. These photographs, set forth in the left column of **Exhibit A** and referenced hereinafter as the "Subject Photographs", have been misappropriated and used without permission by the Defendants, and each of them. These Defendants licensed, created, distributed, marketed and sold product bearing the Subject Photographs, and did so without seeking authorization from LIXENBERG. Indeed, none of the Defendants even advised LIXENBERG of their plot to exploit her photographs. This action follows to address the infringement.

## **JURISDICTION AND VENUE**

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4.     LIXENBERG is an individual residing in the state of New York in the United States.

5.      Plaintiff is informed and believes and thereon alleges that Defendant BIOWORLD MERCHANDISING, INC. ("BIOWORLD") is a Texas corporation doing business in, and with the residents of, the State of California.

6.      Plaintiff is informed and believes and thereon alleges that Defendant REMRYLIE LICENSING, INC. ("REMRYLIE") is a California corporation doing business in, and with the residents of, the State of California.

7.      Plaintiff is informed and believes and thereon alleges that Defendant MACY'S RETAIL HOLDINGS, INC. and MACY'S, INC. (collectively "MACYS") are Ohio corporations doing business in, and with the residents of, the State of California.

8.      Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORP. ("TARGET") is a Minnesota corporation doing business in, and with the residents of, the State of California.

9.      Plaintiff is informed and believes and thereon alleges that Defendant URBAN OUTFITTERS, INC. ("URBAN") is a Pennsylvania corporation doing business in, and with the residents of, the State of California.

10.     Plaintiff is informed and believes and thereon alleges that Defendants FOREVER 21, INC. and FOREVER 21 RETAIL, INC. (collectively "FOREVER") are California corporations doing business in, and with the residents of, the State of California.

11.     Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to

1    amend this Complaint to show their true names and capacities when same have been

2    ascertained.

3          12.    Plaintiff is informed and believes and thereon alleges that at all times

4    relevant hereto each of the Defendants was the agent, affiliate, officer, director,

5    manager, principal, alter-ego, and/or employee of the remaining Defendants and was

6    at all times acting within the scope of such agency, affiliation, alter-ego relationship

7    and/or employment; and actively participated in or subsequently ratified and adopted,

8    or both, each and all of the acts or conduct alleged, with full knowledge of all the

9    facts and circumstances, including, but not limited to, full knowledge of each and

10   every violation of Plaintiff's rights and the damages to Plaintiff proximately caused

11   thereby.

12                    **CLAIMS RELATED TO SUBJECT PHOTOGRAPHS**

13         13.    LIXENBERG created and owns the Subject Photographs attached hereto

14   in the left column of **Exhibit A**, which is hereby incorporated as if set forth in full.

15         14.    The Subject Photographs have been submitted for registration with the

16   United States Copyright Office.

17         15.    Plaintiff is informed and believes and thereon alleges that Defendants

18   accessed the Subject Photographs and then exploited them without the authorization

19   of Plaintiff. Defendants, and each of them, exploited the Subject Photographs by

20   incorporating same into various products, including without limitation, apparel

21   (collectively the "Accused Products"). Non-inclusive exemplars of the Accused

22   Products are depicted in the right column of **Exhibit A** alongside that of the Subject

23   Photographs that are unlawfully incorporated in the respective Accused Products.

24   These exemplars are not meant to encompass all Accused Products; the claims made

25   herein are as to any product licensed, distributed and/or sold by Defendants, and/or

26   each of them, that incorporate without permission, in whole or in part, one or more of

27   the Subject Photographs.

28

16.     A comparison of the Subject Photographs with the images on the Accused Products reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

17.     On information and belief, Plaintiff alleges that BIOWORLD and REMLYRIE, and each, were involved in licensing and/or developing the Accused Products, and/or supplying, distributing, and otherwise providing the Accused Products to MACYS, TARGET, FOREVER, and URBAN, which in turn sold the Accused Products to third parties, including without limitation, the public.

18.      LIXENBERG at no point authorized Defendants, or any of them, to use the Subject Photographs as complained of herein.

19.     Cease and desist demand were made to BIOWORLD and certain other Defendants as early as April of 2015.

20.     As of August 2015, BIOWORLD was still displaying at least two Accused Products on its website, as depicted below:



21.     A **cease and desist** demand was made to FOREVER in April of 2015.

22.    As of August 2015, FOREVER was still displaying at least one of the Accused Products on its website, as depicted below:



23.    A cease and desist demand was made to MACYS in March of 2015.

24.    As of August 2015, MACYS was **still displaying** at least one of the Accused Products on its website, as depicted below:



# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

25.     LIXENBERG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26.     LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs in or on LIXENBERG's publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

27.     LIXENBERG is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Products.

28.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed and sold product bearing images that are identical to, or substantially similar to, the Subject Photographs.

29.     LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, infringed LIXENBERG's copyrights by licensing the Subject Photographs and/or creating an infringing work from the Subject Photographs and then distributing and selling the Accused Products to the public.

30.     Defendants, and each of them, infringed LIXENBERG's rights by copying the Subject Photographs, and distributing the Accused Products, without LIXENBERG's authorization or consent.

31.     Due to Defendants', and each of their, acts of infringement, LIXENBERG has suffered actual, general and special damages in an amount to be established at trial.

32.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of LIXENBERG's rights in the Subject Photographs. As such, LIXENBERG is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs in an amount to be established at trial.

33.     LIXENBERG is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

34.     LIXENBERG repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35.     LIXENBERG is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Specifically, the retailer Defendant transacted with the wholesaler Defendant, and the wholesaler Defendant transacted with its suppliers, in a concerted effort to create, distribute, and sell the Accused Products. And, Defendants, and each

of them, realized profits through their respective obtainment, sales and distribution of the Accused Products.

36.     LIXENBERG is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant in the supply chain had the ability to oversee the development and distribution of the product as engaged in by the party from which it obtained the Accused Products, or component thereof. And, Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Products.

37.     By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, LIXENBERG has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

38.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of LIXENBERG's rights in the Subject Photographs. As such, LIXENBERG is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs, in an amount to be established at trial.

39.     LIXENBERG is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

With Respect to Each Claim for Relief

    a.    That Defendants, their affiliates, agents, and employees be enjoined from  infringing Plaintiff's copyrights in and to the Subject Photographs.

    b.    That Plaintiff be awarded all profits of Defendants, and each, plus all losses of      Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are  available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

    c.    That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 101, *et seq.*;

    d.    That a trust be entered over all Accused Products, and all profits realized through the sales and distribution of said product;

    e.    That Plaintiff be awarded pre-judgment interest as allowed by law;

    f.    That Plaintiff be awarded the costs of this action; and

    g.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: September 15, 2015    By:    */s/ Scott Alan Burroughs*
    Scott Alan Burroughs, Esq.
    DONIGER / BURROUGHS
    Attorneys for Plaintiff
    DANA RUTH LIXENBERG

## EXHIBIT A

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  |  |
| SEE ABOVE. |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
| SEE ABOVE. |  |
| SEE ABOVE. |  |
| SEE ABOVE. |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
| SEE ABOVE. |  |
| SEE ABOVE. |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  |  |
| SEE ABOVE. |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
| SEE ABOVE. | Notorious B.I.G. Men's T-Shirt  |
| SEE ABOVE. |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  |  |
|  |  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
| SEE ABOVE. |  |
| SEE ABOVE. |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
| SEE ABOVE. |  |
| SEE ABOVE. |  |

18
COMPLAINT

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
| SEE ABOVE. |  |
| SEE ABOVE. |  |

| SUBJECT PHOTOGRAPHS | OFFENDING PRODUCT EXEMPLAR |
|---|---|
|  |  |

COMPLAINT