1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANA RUTH LIXENBERG, an Individual, | CASE NO. 2:15-cv-07242 MWF (MRWx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| BIOWORLD MERCHANDISING, INC., a Texas Corporation; REMRYLIE LICENSING, INC., a California Corporation; et al. | Trial Date:     February 28, 2017 |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

1.     INTRODUCTION

1.1     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

4810-8720-5171.1

1  discovery and that the protection it affords from public disclosure and use extends

2  only to the limited information or items that are entitled to confidential treatment

3  under the applicable legal principles.  The parties further acknowledge, as set forth

4  in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

5  file confidential information under seal; Civil Local Rule 79-5 sets forth the

6  procedures that must be followed and the standards that will be applied when a party

7  seeks permission from the court to file material under seal.

8        1.2    GOOD CAUSE STATEMENT

9        This lawsuit involves, inter alia, a copyright claim wherein Plaintiff Dana

10  Lixenberg alleges that the defendants copied images of Christopher Wallace, aka

11  Notorious B.I.G., and Tupac Shakur onto apparel and sold allegedly infringing

12  products (the "accused products") to the public.

13        The parties anticipate that discovery in this matter will seek confidential and

14  proprietary information, including, but not limited to, relative to the development,

15  production, marketing and sale of the accused products as follows:

16       ●    revenues generated from the sale of the accused products;

17       ●    royalties derived from the sale of the accused products;

18       ●    cost of goods associated with the accused products;

19       ●    pricing points for the manufacture and sale of the accused products;

20       ●    transactional documents associated with the sale of the accused

21  products;

22       ●    licensing agreement;

23       ●    gross revenues associated with the sale of the accused products;

24       ●    profits margins associated with the sale of the accused products;

25       ●    general financial information for the parties;

26       ●    expenses for the purchase and sale of goods;

27       ●    marketing channels;

28       ●    purchase price for the accused products;

LEWIS
BRISBOIS

1

2        ●    non-public business plans, product development information, or

3 marketing plans;

4        ●    non-public research and development information; and

5        ●    trade secrets.

6       The majority of the parties are retail defendant competitors in the apparel and

7 fashion industry.  This financial, marketing and product development information is

8 not intended for public disclosure, nor to competitors.  The parties, in the past, have

9 routinely sought and agreed to prevent sensitive financial, marketing and product

10 development information from entering into the public domain.  Further, public

11 disclosure of sensitive financial, marketing and product development information

12 will cause harm to the parties as competitors could use this information to gain an

13 advantage in the retail fashion industry.

14       Accordingly, good cause exists for the entry of this pretrial protective order.

15

16 2.      DEFINITIONS

17      2.1    Action:     The pending federal lawsuit, entitled *Dana Ruth Lixenberg*

18 *v. Bioworld Merchandising, Inc., et al.* Case No.  2:15-cv-07242-MWF-MRW,

19 which involves claims of copyright infringement.

20      2.2    Challenging Party:  a Party or Non-Party that challenges the

21 designation of information or items under this Order.

22      2.3    "CONFIDENTIAL" Information or Items:   information (regardless of

23 how it is generated, stored or maintained) or tangible things that qualify for

24 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

25 the Good Cause Statement.

26      2.4    Counsel:    Outside Counsel of Record and House Counsel (as well as

27 their support staff).

28      2.5    Designating Party:  a Party or Non-Party that designates information or

LEWIS
BRISBOIS

4810-8720-5171.1

CASE NO. 15-cv-07242-MWF-MRW
STIPULATED PROTECTIVE ORDER

1 items that it produces in disclosures or in responses to discovery as

2 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3     2.6    Disclosure of Discovery Material:     all items or information,

4 regardless of the medium or manner in which it is generated, stored, or maintained

5 (including, among other things, testimony, transcripts, and tangible things), that are

6 produced or generated in disclosures or responses to discovery in this matter.

7     2.7    Expert:     a person with specialized knowledge or experience in a

8 matter pertinent to the litigation who has been retained by a Party or its counsel to

9 serve as an expert witness or as a consultant in this Action.

10     2.8    "HIGHLY CONFIDENTIAL" Information or Items:     such portion of

11 such "CONFIDENTIAL" Information or Items as consists of information whose

12 disclosure to competitors or to the public would cause a risk of serious harm to the

13 Designating Party, including but not limited to trade secrets, non-public financial

14 information, non-public research and development information, business plans

15 relating to future or proposed operations, product development information, and

16 marketing plans.  The Parties endeavor in good faith to limit their designations of

17 discovery material as "HIGHLY CONFIDENTIAL." Notwithstanding the

18 foregoing, the Parties agree that Plaintiff's counsel may share with Plaintiff and

19 Plaintiff's the total number of units of disputed product at issue, the revenues related

20 to sales of the disputed product at issue, and the Defendants' positions regarding

21 their use of the copyrighted material at issue.

22     2.9    House Counsel:     attorneys who are employees of a party to this

23 Action.  House Counsel does not include Outside Counsel of Record or any other

24 outside counsel.

25     2.10    Non-Party:  any natural person, partnership, corporation, association,

26 or other legal entity not named as a Party to this action.

27     2.11    Outside Counsel of Record:     attorneys who are not employees of a

28 party to this Action but are retained to represent or advise a party to this Action and

LEWIS
BRISBOIS

have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   Party:   any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:   a Party or Non-Party that produces Disclosures or Discovery Material in this Action.

2.14   Professional Vendors:   persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16   Receiving Party:   a Party that receives Disclosures or Discovery material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Materials (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS

1  ///

2  4.　　DURATION

3  　　　Even after final disposition of this litigation, the confidentiality obligations

4  imposed by this Order shall remain in effect until a Designating Party agrees

5  otherwise in writing or a court order otherwise directs.  Final disposition shall be

6  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

7  or without prejudice; and (2) final judgment herein after the completion and

8  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

9  including the time limits for filing any motions or applications for extension of time

10  pursuant to applicable law.

11

12  5.　　DESIGNATING PROTECTED MATERIAL

13  　　　5.1　　Exercise of Restraint and Care in Designating Material for Protection:

14  Each Party or Non-Party that designates information or items for protection under

15  this Order must take care to limit any such designation to specific material that

16  qualifies under the appropriate standards.  The Designating Party must designate for

17  protection only those parts of material, documents, items, or oral or written

18  communications that qualify so that other portions of the material, documents,

19  items, or communications for which protection is not warranted are not swept

20  unjustifiably within the ambit of this Order.

21  　　　Mass, indiscriminate, or routinized designations are prohibited.  Designations

22  that are shown to be clearly unjustified or that have been made for an improper

23  purpose (e.g., to unnecessarily encumber the case development process or to impose

24  unnecessary expenses and burdens on other parties) may expose the Designating

25  Party to sanctions.

26  　　　If it comes to a Designating Party's attention that information or items that it

27  designated for protection do not qualify for protection, that Designating Party must

28  promptly notify all other Parties that it is withdrawing the inapplicable designation.

LEWIS
BRISBOIS
BISGAARD

1   / / /

2        5.2    <u>Manner and Timing of Designations</u>:  Except as otherwise provided in

3   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

4   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

5   under this Order must be clearly so designated before the material is disclosed or

6   produced.

7        Designation in conformity with this Order requires:

8        (a)    for information in documentary form (e.g., paper or electronic

9   documents, but excluding transcripts of depositions or other pretrial or trial

10  proceedings), that the Producing Party affix at a minimum, the legend

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter collectively

12  "CONFIDENTIALITY legend"), as appropriate, to each page that contains

13  protected material.  If only a portion or portions of the material on a page qualifies

14  for protection, the Producing party also must clearly identify the protected

15  portions(s) (e.g., by making appropriate markings in the margins).

16      A party or Non-Party that makes original documents available for inspection

17  need not designate them for protection until after the inspecting Party has indicated

18  which documents it would like copied and produced.  During the inspection and

19  before the designation, all of the material made available for inspection shall be

20  deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   After the

21  inspecting Party has identified the documents it wants copied and produced, the

22  Producing Party must determine which documents, or portions thereof, qualify for

23  protection under this Order.  Then, before producing the specified documents, the

24  Producing Party must affix the CONFIDENTIALITY legend to each page that

25  contains Protected Material.  If only a portion or portions of the material on a page

26  qualifies for protection, the Producing Party also must clearly identify the protected

27  portion(s) (e.g., by making appropriate markings in the margins).

28      (b)    for testimony given in depositions that the Designating Party identifies

LEWIS
BRISBOIS

1  the Disclosure of Discovery Material on record, before the close of the deposition all

2  protected testimony.

3        (c)     for information produced in some form other than documentary and for

4  any other tangible items, that the Producing Party affix in a prominent place on the

5  exterior of the container or containers in which the information is stored the legend

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions

7  of the information warrants protection, the Producing Party, to the extent

8  practicable, shall identify the protected portion(s).

9        5.3    Inadvertent Failures to Designate:     If timely corrected an

10  inadvertent failure to designate qualified information or items does not, standing

11  alone, waive the Designating Party's right to secure protection under this Order for

12  such material.  Upon timely correction of a designation, the Receiving Party must

13  make reasonable efforts to assure that the material is treated in accordance with the

14  provisions of this Order.

15

16  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

17        6.1    Timing of Challenges:     Any Party or Non-Party may challenge a

18  designation of confidentiality at any time that is consistent with the Court's

19  Scheduling Order.

20        6.2    Meet and Confer:  The Challenging Party shall initiate the dispute

21  resolution process (and, if necessary, file a discovery motion under Local Rule 37.1

22  et seq.

23        6.3    The burden of persuasion in any such challenge proceeding shall be on

24  the Designating Party.  Frivolous challenges, and those made for an improper

25  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

26  parties) may expose the Challenging Party to sanctions.  Unless the Designating

27  Party has waived or withdrawn the confidentiality designation, all parties shall

28  continue to afford the material in question the level of protection to which it is

LEWIS
BRISBOIS

1  entitled under the Producing Party's designation until the Court rules on the

2  challenge.

3

4  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

5      7.1    Basic Principles:   A Receiving Party may use Protected Material that

6  is disclosed or produced by another Party or by a Non-Party in connection with this

7  Action only for prosecuting, defending, or attempting to settle this Action.  Such

8  Protected Material may be disclosed only to the categories or persons and under the

9  conditions described in this Order.  When the Action has been terminated, a

10  Receiving Party must comply with the provisions of section 13 below (FINAL

11  DISPOSITION).

12      Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15      7.2    Disclosure of "CONFIDENTIAL" Information or Items:  Unless

16  otherwise ordered by the court or permitted in writing by the Designating Party, a

17  Receiving Party may disclose any information or items designated

18  "CONFIDENTIAL" only to:

19        (a)    the Receiving Party's Outside Counsel of Record in this Action,

20  as well as employees of said Outside Counsel of Record to whom it is reasonably

21  necessary to disclose the information for this Action;

22        (b)    the officers, directors, and employees (including House Counsel)

23  of the Receiving party to whom disclosure is reasonably necessary for this Action;

24        (c)    Experts (as defined in this Order) of the Receiving Party to

25  whom disclosure is reasonably necessary for this Action and who have signed the

26  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

27        (d)    the Court and its personnel;

28        (e)    court reporters and their staff;

LEWIS
BRISBOIS

4810-8720-5171.1

CASE NO. 15-cv-07242-MWF-MRW
STIPULATED PROTECTIVE ORDER

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A):

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items:

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL" only to those individuals identified in Subsections 7.2 (a) and (c)-(i) above.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

4810-8720-5171.1

10

LEWIS
BRISBOIS

1 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

2 |       (a)    promptly notify in writing the Designating Party. Such

3 | notification shall include a copy of the subpoena or court order;

4 |       (b)    promptly notify in writing the party who caused the subpoena or

5 | order to issue in the other litigation that some or all of the material covered by the

6 | subpoena or order is subject to this Protective Order. Such notification shall include

7 | a copy of this Stipulated Protective Order; and

8 |       (c)    cooperate with respect to all reasonable procedures sought to be

9 | pursued by the Designating Party whose Protected Material may be affected.

10 |     If the Designating Party timely seeks a protective order, the Party served with

11 | the subpoena or court order shall not produce any information designated in this

12 | action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a

13 | determination by the court from which the subpoena or order issued, unless the

14 | Party has obtained the Designating Party's permission. The Designating Party shall

15 | bear the burden and expense of seeking protection in that court of its confidential

16 | material and nothing in these provisions should be construed as authorizing or

17 | encouraging a Receiving Party in this Action to disobey a lawful directive from

18 | another court.

19 |

20 | 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

21 | PRODUCED IN THIS LITIGATION

22 |       (a)    The terms of this Order are applicable to information produced

23 | by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

24 | CONFIDENTIAL." Such information produced by Non-Parties in connection with

25 | this litigation is protected by the remedies and relief provided by this Order.

26 | Nothing in these provisions should be construed as prohibiting a Non-Party from

27 | seeking additional protections.

28 |       (b)    In the event that a Party is required, by a valid discovery request,

LEWIS
BRISBOIS

to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (1)     promptly notify in writing the Requesting Party and Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

> (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> (3)     make the information requested available for inspection by the Non-Party, if requested.

> (c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

LEWIS
BRISBOIS

1    Agreement to Be Bound" that is attached hereto as Exhibit A.

2    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

3    PROTECTED MATERIAL

4         When a Producing Party gives notice to Receiving Parties that certain

5    inadvertently produced material is subject to a claim of privilege or other protection,

6    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

7    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

8    procedure may be established in an e-discovery order that provides for production

9    without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

10   (e), insofar as the parties reach an agreement on the effect of disclosure of a

11   communication or information covered by the attorney-client privilege or work

12   product protection, the parties may incorporate their agreement in the stipulated

13   protective order submitted to the court.

14

15   12.    MISCELLANEOUS

16        12.1        Right to Further Relief:   Nothing in this Order abridges the right

17   of any person to seek its modification by the Court in the future.

18        12.2   Right to Assert Other Objections:        By stipulating to the entry of this

19   Protective Order, no Party waives any right it otherwise would have to object to

20   disclosing or producing any information or item on any ground not addressed in this

21   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

22   ground to use in evidence of any of the material covered by this Protective Order.

23        12.3   Filing Protected Material:        A party that seeks to file under seal any

24   Protected Material must comply with Civil Local Rule 79-5.  Protected Material

25   may only be filed under seal pursuant to a court order authorizing the sealing of the

26   specific Protected Material at issue.  If a Party's request to file Protected Material

27   under seal is denied by the court, then the Receiving Party may file the information

28   in the public record unless otherwise instructed by the court.

LEWIS
BRISBOIS

4810-8720-5171.1

13

1   / / /

2   13.    FINAL DISPOSITION

3         After the final disposition of this Action, as defined in paragraph 4, within 60

4   days of a written request by the Designating Party, each Receiving Party must return

5   all Protected Material to the Producing Party or destroy such material.  As used in

6   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

7   summaries, and any other format reproducing or capturing any of the Protected

8   Material.  Whether the Protected Material is returned or destroyed, the Receiving

9   Party must submit a written certification to the Producing Party (and, if not the same

10  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

11  (by category, where appropriate) all the Protected Material that was returned or

12  destroyed and (2) affirms that the Receiving Party has not retained any copies,

13  abstracts, compilations, summaries or any other format reproducing or capturing any

14  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

15  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

16  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

17  reports, attorney work product, and consultant and expert work product, even if such

18  material contains Protected Material.  Any such archival copies that contain or

19  constitute Protected Material remain subject to this Protective Order as set forth in

20  Section 4.

21

22  14.    Any willful violation of this Order may be punished by civil or criminal

23  contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

24  authorities, or other appropriate action at the discretion of the Court.

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS

4810-8720-5171.1                                14

1   / / /

2   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4                                       Respectfully submitted,

5   DATED: June 17, 2016              LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7                                     By:        /s/ William E. Pallares

8                                           William E. Pallares
                                            Attorneys for Defendants BIOWORLD
9                                           MERCHANDISING, INC., FOREVER 21,
                                            INC., FOREVER 21 RETAIL, INC., HOT
10                                          TOPIC, INC., MACY'S INC., MACY'S
                                            RETAIL HOLDINGS, INC., TARGET
11                                          CORPORATION, URBAN
12                                          OUTFITTERS, INC., ROSS STORES,
                                            INC., RUE 21, INC., SPENCER GIFTS
13                                          LLC, GORDMANS, INC., and SEARS
14                                          HOLDINGS CORPORATION

15

16
17  DATED: June 17, 2016              DONIGER / BURROUGHS

18
19                                    By:        /s/ Scott Alan Burroughs
                                            Scott Alan Burroughs
20                                          Attorneys for Plaintiff DANA
                                            LIXENBERG
21

22
23  DATED: June 17, 2016              NIXON PEABODY LLP

24
25                                    By:        /s/ Staci Jennifer Riordan
                                            Staci Jennifer Riordan
26                                          Attorneys for Defendant REMRYLIE

27

28

LEWIS
BRISBOIS
BISGAAD

4810-8720-5171.1                          15

1    DATED: June 17, 2016          BRYAN CAVE LLP

2

3                                  By:      /s/ Robert G. Lancaster
                                        Robert G. Lancaster
4                                       Attorneys for Defendant WAL-MART
                                        STORES, INC.
5

6

7    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

8

9

10   DATED: June 20, 2016

11                                 HON. MICHAEL R. WILNER
                                   United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**


I, _____[**full name**], of _____ [**full address**], declare under penalty that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Dana Ruth Lixenberg  v. Bioworld Merchandising, Inc., et al.* Case No. 2:15-cv-07242-MWF-MRW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

4810-8720-5171.1

17

CASE NO. 15-cv-07242-MWF-MRW
STIPULATED PROTECTIVE ORDER

LEWIS
BRISBOIS