JOSEPH C. CAMPO, SB# 150035
 E-Mail: Joe.Campo@lewisbrisbois.com
WILLIAM E. PALLARES, SB# 187740
 E-Mail: William.Pallares@lewisbrisbois.com
DAVID D. SAMANI, SB# 280179
 E-Mail: David.Samani@lewisbrisbois.com
CALVIN J. LEE, SB# 307443
 E-Mail: Calvin.Lee@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants BIOWORLD MERCHANDISING, INC., SPENCER GIFTS LLC, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANA RUTH LIXENBERG, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>BIOWORLD MERCHANDISING, INC., a Texas Corporation; *et al.*<br><br>Defendants. | CASE NO. 2:15-cv-07242-MWF-MRW<br><br>**DEFENDANT SPENCER GIFTS LLC'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    March 6, 2017<br>Time:    10:00 a.m.<br>Crtrm.:   5A<br><br>[*Filed concurrently with (1) Statement Of Uncontroverted Facts and Conclusions Of Law; (2) Declaration of William E. Pallares; (3) Declaration of Eric Rellosa; (4) Declaration of Mike Hessong*]<br><br>Trial Date:  June 13. 2017 |

4824-0083-6929.1

PLEASE TAKE NOTICE that on March 6, 2017 at 10:00 a.m., or as soon thereafter as this motion may be heard in Courtroom 5A of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendant SPENCER GIFTS LLC ("Spencer Gifts"), by and through its counsel, will and hereby does move for summary judgment as to Plaintiff DANA RUTH LIXENBERG's ("Lixenberg") claims for statutory damages pursuant to 17 U.S.C. § 504 and attorneys' fees pursuant to 17 U.S.C. § 505.

This Motion is brought pursuant to Federal Rule of Civil Procedure 56 on the ground that Lixenberg's failure to register her copyright with respect to the allegedly infringing photographs (1) prior to the alleged infringement by Spencer Gifts and (2) within three months after the first publication, preclude her from recovering statutory damages or attorneys' fees.

The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Eric Rellosa, Mike Hessong, and William Pallares and all exhibits attached thereto, the accompanying Statement of Uncontroverted Facts and Conclusions of Law, all other matters upon which this Court must or may take judicial notice, and upon all argument that this Court may allow at the time of hearing the Motion.

This motion is made following the conference of counsel for Spencer Gifts and Lixenberg pursuant to L.R. 7-3, which occurred on November 29, 2016.

Respectfully submitted,

DATED: February 6, 2017         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ William E. Pallares
William E. Pallares
Attorneys for Defendants BIOWORLD MERCHANDISING, INC., SPENCER GIFTS LLC, et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The case against Spencer Gifts LLC ("Spencer Gifts"), and the dispositive analysis it engenders pursuant to applicable statutory and case law, is as straightforward as they come.  Specifically, Spencer Gifts sold products incorporating either Lixenberg's 1994 photograph of the late rap artist, Tupac Shakur entitled "Tupac Amaru Shakur-01 Atlanta, 1993" (hereinafter "Tupac #1" photograph), Lixenberg's 1996 photograph of the late rap artist, "Notorious B.I.G." entitled "Notorious B.I.G. #1" (hereinafter "Biggie #1" photograph) or Lixenberg's 1996 photograph of the late rap artist, "Notorious B.I.G." entitled "Notorious B.I.G. #2" (hereinafter "Biggie #3" photograph).[1]  As Lixenberg neglected to copyright the Tupac #1 photograph until August 21, 2015 and Spencer Gifts' alleged infringement of the Tupac #1 photograph was continuous from October 8, 2013 at the earlist, until November of 2016 at the latest, the Copyright Act and the Ninth Circuit's interpretation thereof dictate that Lixenberg cannot recover statutory damages or attorney's fees.  Additionally, Lixenberg cannot recover statutory damages or attorney's fees for Spencer Gifts' alleged infringement of the Biggie #1 photograph because Lixenberg neglected to copyright the Biggie #1 photograph until September 15, 2015 and Spencer Gifts' alleged infringement of the Biggie #1 photograph was continuous from November 20, 2012 at the earliest, until September of 2015 at the latest.  The same is true for Spencer Gifts' alleged infringement of the Biggie #3 photograph as it was also registered on September 15, 2015 while Spencer Gifts' alleged infringement of the Biggie #3 photograph was continuous from May 16, 2013, at the earliest, until November of 2016 at the latest.  As Lixenberg persists in

---

[1] As mentioned in the separate statement, the photograph registered by Lixenberg as "Notorious B.I.G. #2" is referred as "Biggie #3" because it appears as the third photograph of Notorious B.I.G. in Lixenberg's First Amended Complaint (Dkt. #73 filed March 30, 2016 at 20:13-23) and was referenced as such throughout discovery.

seeking such a recovery in her First Amended Complaint, this Motion has become necessary.

## 2. STATEMENT OF FACTS

In 1996, during a shoot for Vibe magazine, Dana Lixenberg photographed Christopher "Notorious B.I.G." Wallace. (See Uncontroverted Fact ("UF") #1.) Moreover, the particular images of Mr. Wallace at issue in this lawsuit, entitled "Notorious B.I.G. #1" (referred to as "Biggie #1" photograph) and "Notorious B.I.G. #2" (referred to as "Biggie #3" photograph), were published on September 1, 1996. (UF #2.)

Additionally, in 1993, during a shoot for Vibe magazine, Dana Lixenberg photographed Tupac Shakur. (See UF #3.) Moreover, the particular image of Mr. Shakur at issue in this lawsuit, entitled "Tupac Amaru Shakur-01, Atlanta, 1993" (referred to as "Tupac #1" photograph), was published on February 1, 1994. (UF #4.)

Fast forward to 2013, Bioworld Merchandising, Inc. ("Bioworld") manufactured garments using art designs that depicted the Biggie #1, Biggie #3 or Tupac #1 photographs (herein referred to as the "Accused Products"). (UF #5.) Bioworld first began to invoice Spencer Gifts for any of the Accused Products bearing the Biggie #1 photograph on November 7, 2012. (See Declaration of Mike Hessong ("Hessong Decl.") ¶¶ 7-19) Additionally, Bioworld first began to invoice Spencer Gifts for any of the Accused Products bearing the Biggie #3 photograph on March 13, 2013. (Hessong Decl. ¶¶ 7-19.) Further, Bioworld first began to invoice Spencer Gifts for any of the Accused Products bearing the Tupac #1 photograph on May 24, 2012. (Hessong Decl. ¶¶ 7-19.)

Spencer Gifts began selling the Accused Products bearing the Biggie #1 photograph to its customers, after acquiring the Accused Products from Bioworld, from November 20, 2012, at the earliest. (UF #6.) Spencer Gifts continuously sold the Accused Products bearing the Biggie #1 photograph until September of 2015 at

the latest. (UF #6.)

Additionally, Spencer Gifts began selling the Accused Products bearing the Biggie #3 photograph to its customers after acquiring the Accused Products from Bioworld, from May 16, 2013, at the earliest. (UF #7.) Spencer Gifts continuously sold the Accused Products bearing the Biggie #3 photograph until November of 2016, at the latest. (UF #7.) In the interim, on September 15, 2015, Lixenberg finally registered the Biggie #1 and Biggie #3 photographs. (UF #9.)

Moreover, Spencer Gifts began selling the Accused Products bearing the Tupac #1 photograph to its customers after acquiring the Accused Products from Bioworld, from October 8, 2013, at the earliest. (UF #8.) Spencer Gifts continuously sold the Accused Products bearing the Tupac #1 photograph until November of 2016 at the latest. (UF #8.) In the interim, on August 21, 2015, Lixenberg finally registered her Tupac #1 photograph. (UF #10.)

Lixenberg has alleged that Spencer Gifts infringed her photographs of Biggie #1, Biggie #3 and Tupac #1. (See First Amended Complaint ("FAC"), Dkt. No. 73, at 10:24-27.) Further, Lixenberg contends that the alleged infringement was willful, entitling Lixenberg to statutory damages and attorney's fees. (FAC, Dkt. No. 73, at 11:13-17 & 12:25-13:2.) As part of her remedies, Lixenberg seeks both statutory damages and attorney's fees. (FAC, Dkt. No. 73, at 13:9-16.)

3. **STANDARDS GOVERNING A MOTION FOR SUMMARY JUDGMENT**

A motion for summary judgment shall be granted if all the papers submitted show that there is no genuine triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law with respect to a "claim or defense" or any "part" of a claim or defense. Fed. R. Civ. P. 56(a). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A fact is "material" if the fact may affect the

outcome of the case. *Id.* at 248.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this initial burden, the nonmoving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Defendant Spencer Gifts maintains that Lixenberg cannot make the required showing on the facts outlined above, the Copyright Act language itself, and those appellate decisions interpreting it, as set forth below.

### 4. SPENCER GIFTS IS ENTITLED TO SUMMARY JUDGMENT AS TO LIXENBERG'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES

#### A. Infringement Taking Place Before Copyright Registration Precludes Recovery of Statutory Damages and Attorney's Fees

Section 504 of the Copyright Act provides that a party may elect, in lieu of actual damages, an award of statutory damages. 17 U.S.C. § 504(c)(1). Likewise, the Copyright Act permits a party to recover its costs and an award of reasonable attorneys' fees. 17 U.S.C. § 505. However, the availability of this relief is predicated on registration of the copyright prior to the alleged infringement:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505 [17 USCS §§ 504 and 505], shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such

|  |  |
|---|---|
| 1 | registration is made within three months after the first |
| 2 | publication of the work. |

17 U.S.C. § 412(2).

"Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Indeed, by enacting § 412, Congress specifically intended to deny "an award of statutory damages and attorney's fees where infringement takes place before registration," in order "to provide copyright owners with an incentive to register their copyrights promptly." *Id.* at 700.

Here, the infringement alleged against Spencer Gifts as to the Biggie #1 photograph began when it started selling the Accused Products bearing the Biggie #1 photograph from November 20, 2012, at the earliest. (See UF #6.) Additionally, the infringement alleged against Spencer Gifts as to the Biggie #3 photograph began when it started selling the Accused Products bearing the Biggie #3 photograph from May 16, 2013, at the earliest. (See UF #7.) However, Lixenberg did not register either the Biggie #1 or Biggie #3 photographs until September 15, 2015, i.e., not within three months of first publication in 1996. (See UF #9.) Further, the infringement alleged against Spencer Gifts as to the Tupac #1 photograph began when it started selling the Accused Products bearing the Tupac #1 photograph from October 8, 2013, at the earliest. (See UF #8.) However, Lixenberg did not register Tupac #1 photograph until August 21, 2015, i.e., not within three months of first publication in 1994. (See UF #10.) As the purported infringements occurred before registration, both statutory damages and attorney's fees are unavailable to Lixenberg.

/ / /

/ / /

### B. Continuous Infringement That Begins Before Registration Does Not Provide a Basis for Recovery for Post-Registration Infringing Acts

Judicial interpretation of the Copyright Act has further clarified that "*the first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under §412." Id. at 701. Thus, the fact that Spencer Gifts' ongoing infringement continued to sometime in September of 2015 at the latest for the Biggie #1 photograph (potentially past the September 15, 2015 registration), December 2, 2015 for the Biggie #3 photograph (past the September 15, 2015 registration), and sometime in September of 2015 at the latest for the Tupac #1 photograph (potentially past the August 21, 2015 registration) does not render statutory damages and attorney's fees available since it began before Lixenberg obtained the copyright .

In *Derek Andrew*, the plaintiff asserted that it had obtained a copyright registration on a hang-tag on June 15, 2005, following its first publication on August 11, 2013, while the defendant began infringing on its copyright on May 9, 2005—i.e., more than three months after publication and prior to the effective date of registration. *Id.* at 700. Nevertheless, the plaintiff argued that "post-registration distributions constitute new infringements under the Copyright Act, thereby justifying the court's award of statutory damages." *Id.*

The Ninth Circuit, rejecting this contention, first cited with approval decisions from other jurisdictions noting that:

> [E]ach separate act of infringement is, of course, an 'infringement' within the meaning of the statute, and in a literal sense perhaps such an act might be said to have 'commenced' (and ended) on the day of its perpetration[,] . . . it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act. That verb generally

        presupposes as a subject some kind of activity that begins
at one time and continues or reoccurs thereafter.

*Id.* at 700 (quoting *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988)). See also, *Parfums Givenchy v. C&C Beauty Sales*, 832 F. Supp. 1378, 1393-1395 [rejecting argument that, because the defendant had imported and distributed the infringing product on several distinct occasions, each act of importing constituted a separate and distinct act of infringement].

        The Ninth Circuit then noted the policy considerations underpinning § 412—incentivizing copyright holders to promptly register the copyright—remarking that "[e]very court to consider the issue has held that 'infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs.'" 528 F.3d at 701 (quoting *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998)). Consequently, the Ninth Circuit concluded that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412.

        Next, the court turned to the facts before it, finding:

> In this case, there is no legally significant difference between Poof's pre- and post-registration infringement. Poof first distributed garments bearing the infringing hang-tag on May 9, 2005, if not earlier, and continued to do so--albeit with the hang-tag attached to different garments--after the June 15, 2005, copyright registration. Thus, Poof began **its infringing activity before the effective registration date, and it repeated the same act after that date each time it used the same copyrighted material**. The mere fact that the hang-tag was attached to new garments made and distributed after June 15 does not

> transform those distributions into many separate and distinct infringements.

*Id.* at 701 (emphasis added).

## 5. CONCLUSION

The facts that (1) Spencer Gifts's infringement of the Biggie #1, Biggie #3 and Tupac #1 photographs began before Lixenberg registered any of the copyrights, which occurred more than 3 months after first publications of the photographs, and (2) the sales for the Biggie #1, Biggie #3 and Tupac #1 photographs constitute continuous infringement instituted prior to registrations, dictate the unavailability of statutory damages and attorney's fees against Spencer Gifts, warranting the requested partial summary judgment.

Respectfully submitted,

DATED: February 6, 2017         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   /s/ William E. Pallares
William E. Pallares
Attorneys for Defendants BIOWORLD MERCHANDISING, INC., SPENCER GIFTS LLC, et al.

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2017, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System:

Stephen M. Doniger, Esq.
Scott Alan Burroughs, Esq.
Justin M. Gomes, Esq.
DONIGER/BURROUGHS
603 Rose Avenue
Venice, CA 90291

*Attorney for Plaintiff*

Telephone:  310.590.1820
Email:  Stephen@donigerlawfirm.com
Email:  scott@donigerlawfirm.com
Email:  jgomes@donigerlawfirm.com

Robert G. Lancaster
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

*Attorneys for Defendant*
*WAL-MART STORES, INC*

Telephone: 310.576.2100
Fax:  310.576.2200
Email:  rglancaster@bryancave.com


                              /s/ *William E. Pallares (ct187740)*
                                  William E. Pallares

4824-0083-6929.1

9

CASE NO: 2:15-cv-07242-MWF-MRW
SPENCER GIFTS MOTION FOR PARTIAL SUMMARY JUDGEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW