**BRYAN CAVE LLP**
Robert G. Lancaster (SBN 257504)
rglancaster@bryancave.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUTH LIXENBERG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BIOWORLD MERCHANDISING, INC., a Texas Corporation; REMRYLIE LICENSING, INC., a California Corporation; et al.,<br><br>Defendants. | CASE NO. 2:15-cv-07242-MWF-MRW<br><br>Michael W. Fitzgerald, Presiding<br><br>**WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        March 6, 2017<br>Time:        10:00 a.m.<br>Crtrm.:       5A<br><br>[*Filed concurrently with (1) Statement Of Uncontroverted Facts and Conclusions Of Law; (2) Declaration of Robert G. Lancaster; (3) Declaration of Jeff Griffing; (4)[Proposed] Order*]<br><br>Trial Date:  June 13, 2017 |

**PLEASE TAKE NOTICE THAT** on March 6, 2017 at 10:00 a.m., or as soon thereafter as this motion may be heard in Courtroom 5A of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Pursuant to Fed. R. Civ. P. 30(c)(2), Defendant Wal-Mart Stores, Inc. ("Walmart"), by and through its counsel, will and hereby does move for summary judgment as to Plaintiff DANA RUTH LIXENBERG's ("Lixenberg") claims for statutory damages pursuant to 17 U.S.C. § 504 and attorneys' fees pursuant to 17 U.S.C. § 505.

      This Motion is brought pursuant to Federal Rule of Civil Procedure 56 on the ground that Lixenberg's failure to register her copyright with respect to the allegedly infringing photographs (1) prior to the alleged infringement by Walmart and (2) within three months after the first publication, preclude her from recovering statutory damages or attorneys' fees, assuming, *arguendo,* that Lixenberg were to prevail on her copyright infringement claim.

      The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Jeff Griffing and Robert G. Lancaster and all exhibits attached thereto, the accompanying Statement of Uncontroverted Facts and Conclusions of Law, as well as the Motions for summary judgment as to Lixenberg's claims for statutory damages pursuant and attorneys' fees, Memoranda of Points and Authorities, the accompanying Statements of Uncontroverted Facts and Conclusions of Law, Declarations and all exhibits attached thereto filed by codefendants in this case, including but not limited to, J.C. Penney Corporation, Inc. and Target Corporation, which pleadings, evidence and arguments Walmart incorporates by reference herein for its own behalf , all other matters upon which this Court must or may take judicial notice, and upon all argument that this Court may allow at the time of hearing the Motion.

      This motion is made following Walmart's good faith compliance with L.R. 7-

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

3, based upon its counsel's multiple good faith attempts to conduct a conference of counsel by repeated email, telephone and in-person requests with plaintiff's counsel, despite plaintiff's counsel repeated refusal to participate in such conference of counsel.[1/]

Dated:  February 6, 2017

Respectfully submitted,

**BRYAN CAVE LLP**
Robert G. Lancaster


By:  /s/ Robert G. Lancaster
        Robert G. Lancaster

 - and –

David A. Roodman (*Pro Hac Vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
E-mail:  daroodman@bryancave.com

Attorneys for Defendant
WAL-MART STORES, INC.

---

[1/]  In compliance with L.R. 7-3, Walmart's counsel, Robert Lancaster, sent multiple email requests for a conference of counsel regarding this motion to Scott Burroughs, Justin Gomes, and Stephen Doniger, plaintiff's counsel of record in this case.  Further, having received no response to his requests, on January 30, Walmart's counsel made several phone calls to the office of plaintiff's counsel, leaving messages again requesting a conference of counsel for this motion.  On one call that day, Walmart's counsel was able to reach Stephen Doniger, but was informed that Mr. Doniger was not willing to conduct a conference of counsel regarding this motion.  The next day, Mr. Lancaster met in person with Scott Burroughs, who also repeatedly refused to conduct a conference of counsel regarding this motion.  Mr. Lancaster then indicated his continued availability and willingness to conduct a conference of counsel, should Mr. Burroughs reconsider his refusal.  On February 3, Mr. Burroughs telephoned Mr. Lancaster to request, for the first time, a conference of counsel regarding *plaintiff's* planned motion for summary judgment.  In response to Mr. Burroughs' off-the-cuff request for a conference regarding plaintiff's motion, Mr. Lancaster requested Mr. Burroughs to provide a summary of the basis and evidence for plaintiff's motion so it could be discussed with Walmart.  Mr. Burroughs refused this request and terminated the call without providing plaintiff's position on Walmart's motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The case against Wal-Mart Stores, Inc. ("Walmart"), and the dispositive analysis it engenders pursuant to applicable statutory and case law, is as straightforward as they come.  Specifically, Lixenberg alleges that Walmart sold garments incorporating Lixenberg's 1994 photograph of the late rap artist, Tupac Shakur entitled "Tupac Amaru Shakur-01 Atlanta, 1993" (hereinafter "Tupac #1" photograph).  As Lixenberg neglected to copyright the Tupac #1 photograph until August 21, 2015 and Walmart's alleged infringement of the Tupac #1 photograph was continuous from approximately May of 2010 until March of 2016, the Copyright Act and the Ninth Circuit's interpretation thereof dictate that Lixenberg cannot recover statutory damages or attorney's fees.  As Lixenberg persists in seeking such a recovery in her First Amended Complaint, this Motion has become necessary.

## 2. STATEMENT OF FACTS

In 1993, during a shoot for Vibe magazine, Dana Lixenberg photographed Tupac Shakur.  (*See* UF #1.)  Moreover, the particular image of Mr. Shakur at issue in this lawsuit, entitled "Tupac Amaru Shakur-01, Atlanta, 1993" (referred to as "Tupac #1" photograph), was published on February 1, 1994.  (UF #2.)

Fast forward to 2014, when Bioworld Merchandising, Inc. ("Bioworld") manufactured garments using art designs that depicted the Tupac #1 photograph (herein referred to as the "Accused Products") which it sold to Walmart.  (UF #3.)

In the week of September 27, 2014, Walmart began selling the Accused Products bearing the Tupac #1 photograph to its customers after acquiring the Accused Products from Bioworld.  (UF #3.)  Walmart continuously sold the Accused Products bearing the Tupac #1 photograph until the week of December 31, 2016, as represented in the reports Walmart prepared for this litigation detailing its sales data and identifying the item number for the product, the date of purchase,

costs, and selling price. (UF #4.) In the interim, on August 21, 2015, Lixenberg finally registered her Tupac #1 photograph. (UF #5.)

Lixenberg has alleged that Walmart infringed her photographs of Tupac #1. (*See* First Amended Complaint ("FAC"), Dkt. No. 73, at 10:24-27.) Further, Lixenberg contends that the alleged infringement was willful, entitling Lixenberg to statutory damages and attorney's fees. (FAC, Dkt. No. 73, at 11:13-17 & 12:25-13:2.) As part of her remedies, Lixenberg seeks both statutory damages and attorney's fees. (FAC, Dkt. No. 73, at 13:9-16.)

### 3. STANDARDS GOVERNING A MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment shall be granted if all the papers submitted show that there is no genuine triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law with respect to a "claim or defense" or any "part" of a claim or defense. Fed. R. Civ. P. 56(a). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this initial burden, the nonmoving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Defendant Walmart maintains that Lixenberg cannot make the required showing on the facts outlined above, the

Copyright Act language itself, and those appellate decisions interpreting it, as set forth below.

## 4. WALMART IS ENTITLED TO SUMMARY JUDGMENT AS TO LIXENBERG'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES

### A. Infringement Taking Place Before Copyright Registration Precludes Recovery of Statutory Damages and Attorney's Fees

Section 504 of the Copyright Act provides that a party may elect, in lieu of actual damages, an award of statutory damages. 17 U.S.C. § 504(c)(1). Likewise, the Copyright Act permits a party to recover its costs and an award of reasonable attorneys' fees. 17 U.S.C. § 505. However, the availability of this relief is predicated on registration of the copyright prior to the alleged infringement:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505 [17 USCS §§ 504 and 505], shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2).

"Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Indeed, by enacting § 412, Congress specifically intended to deny "an award of statutory damages and attorney's fees where infringement takes place before registration," in order "to provide copyright owners with an incentive to register their copyrights promptly." *Id.* at 700.

Here, the alleged infringement against Walmart as to the Tupac #1

photograph began when it started selling the Accused Product bearing the Tupac #1 photograph in the week of September 27, 2014.  (*See* UF #3.)  However, Lixenberg did not register her Tupac #1 photograph until August 21, 2015, *i.e.*, not within three months of first publication in 1994.  (*See* UF ## 2, 5.)  As the alleged infringement occurred before registration, both statutory damages and attorney's fees are unavailable to Lixenberg for her claim.

### B. Continuous Infringement That Begins Before Registration Does Not Provide a Basis for Recovery for Post-Registration Infringing Acts

Judicial interpretation of the Copyright Act has further clarified that "*the first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under §412." *Id*. at 701.  Thus, the fact that Walmart's ongoing alleged infringement continued to the week of December 31, 2016 for the Tupac #1 photograph (past the August 21, 2015 registration), does not render statutory damages and attorney's fees available since it began before Lixenberg obtained the copyright .

In *Derek Andrew*, the plaintiff asserted that it had obtained a copyright registration on a hang-tag on June 15, 2005, following its first publication on August 11, 2013, while the defendant began infringing on its copyright on May 9, 2005 - *i.e*., more than three months after publication and prior to the effective date of registration.  *Id.* at 700.  Nevertheless, the plaintiff argued that "post-registration distributions constitute new infringements under the Copyright Act, thereby justifying the court's award of statutory damages." *Id.*

The Ninth Circuit, rejecting this contention, first cited with approval decisions from other jurisdictions noting that:

> [E]ach separate act of infringement is, of course, an 'infringement' within the meaning of the statute, and in a literal sense perhaps such an act might be said to have 'commenced' (and ended) on the day of

> its perpetration[,] . . . it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act. That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter.

*Id.* at 700 (quoting *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988)). *See also*, *Parfums Givenchy v. C&C Beauty Sales*, 832 F. Supp. 1378, 1393-1395 [rejecting argument that, because the defendant had imported and distributed the infringing product on several distinct occasions, each act of importing constituted a separate and distinct act of infringement].

The Ninth Circuit then noted the policy considerations underpinning § 412 - incentivizing copyright holders to promptly register the copyright - remarking that "[e]very court to consider the issue has held that 'infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs.'" 528 F.3d at 701 (quoting *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998)). Consequently, the Ninth Circuit concluded that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412.

Next, the court turned to the facts before it, finding:

> In this case, there is no legally significant difference between Poof's pre- and post-registration infringement. Poof first distributed garments bearing the infringing hang-tag on May 9, 2005, if not earlier, and continued to do so--albeit with the hang-tag attached to different garments--after the June 15, 2005, copyright registration. Thus, Poof began **its infringing activity before the effective registration date, and it repeated the same act after that date each time it used the same copyrighted material**.
>
> The mere fact that the hang-tag was attached to new garments made and distributed after June 15 does not transform those distributions

into many separate and distinct infringements.

*Id.* at 701 (emphasis added).

## 5. CONCLUSION

The facts that (1) Walmart's alleged infringement of the Tupac #1 photograph began before Lixenberg registered the copyright, which occurred more than 3 months after first publications of the photograph, and (2) the sales for the Tupac #1 photograph constitutes continuous alleged infringement which was instituted prior to registration, dictate the unavailability of statutory damages and attorney's fees against Walmart, warranting the requested partial summary judgment.

Dated:  February 6, 2017  Respectfully submitted,

**BRYAN CAVE LLP**
Robert G. Lancaster


By:  /s/ Robert G. Lancaster
       Robert G. Lancaster

 - and –

David A. Roodman (*Pro Hac Vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
E-mail:  daroodman@bryancave.com

Attorneys for Defendant
WAL-MART STORES, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401.

On February 6, 2017, I served the following document, described as **WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the person(s) below by First Class U. S. Mail as follows:

| | |
|---|---|
| Stephen M. Doniger, Esq.<br>Scott Alan Burroughs, Esq.<br>Justin M. Gomes, Esq.<br>Doniger/Burroughs<br>603 Rose Avenue<br>Venice, CA 90291 | *Attorney for Plaintiff* |
| Joseph C. Campo<br>William E. Pallares<br>David D. Samani<br>Calvin J. Lee<br>Lewis Brisbois Bisgaard & Smith LLP<br>633 West 5th Street, Suite 4000<br>Los Angeles, CA 90071 | *Attorneys for Defendant Bioworld Merchandising, Inc.* |

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 6, 2017, at Los Angeles, California.

/s/Lorena Lazheztter
Lorena Lazheztter